CATON BUILDERS, INC., Respondent, v. GENEVIEVE HARTLEY, Appellant.— In an action to determine a claim to real property, brought under article 15, sections 500 to 512, inclusive, of the Real Property Law, order granting a preference and setting the case for trial on a day certain affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Davis, Adel and Close, JJ., concur.

C. I. T. CORPORATION, Appellant, v. ERLE R. SHEPPARD, Respondent, and Another, Defendant.— Order of the City Court of Mount Vernon denying plaintiff's motion for an order of arrest of defendant Sheppard affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Davis and Johnston, JJ., concur; Adel, J., dissents.

VIRGINIA EULAND, an Infant, by FANNIE EULAND, Her Guardian ad Litem, and FANNIE EULAND, Respondents, v. FULTON AUTO EXCHANGE, INC., Appellant. — In an action by an infant to recover damages for personal injuries sustained by reason of being struck upon a public highway by an automobile operated on behalf of the defendant, and by the infant plaintiff's mother to recover for medical expenses and loss of services, judgment in favor of the plaintiffs unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.

HULDA FILLET, Respondent, v. VINCENZO BARTOLOMIO, VINCENT COTRARO, "MICHAEL" CAPUTO, First Name "Michael" Being Fictitious, Real First Name Unknown to the Plaintiff, "JOHN" NATOLI, First Name "John" Being Fictitious, Real First Name Unknown to Plaintiff, and "SAMUEL" GELLER, First Name "Samuel" Being Fictitious, Real First Name Unknown to Plaintiff, Appellants.— Action to restrain defendants from picketing and otherwise interfering with plaintiff's business. It is alleged defendants have conspired to divert plaintiff's customers and to destroy her business. Order granting plaintiff's motion for an injunction *pendente lite* affirmed, with ten dollars costs and disbursements. Defendants are not members of any union but own and operate barber shops in the neighborhood where plaintiff's shop is located. It appears that defendants were picketing plaintiff's shop not to advance the cause of labor but to injure plaintiff's business by diverting her trade to themselves. Picketing to achieve such ends is illegal. Hagarty, Davis, Johnston and Adel, JJ., concur; Carswell, J., not voting.